USCA1 Opinion

 

 May 21, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2134 A.G. EDWARDS, JR., Plaintiff, Appellant, v. NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY AND NYNEX CORPORATION, Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nancy J. Gertner, U.S. District Judge] ___________________ ____________________ Before Cyr, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Lynch, Circuit Judge. _____________ ____________________ A.G. Edwards, Jr. on brief pro se. _________________ Julie J. Bernard on brief for appellees. ________________ ____________________ ____________________ Per Curiam. Plaintiff A.G. Edwards, Jr. appeals __________ from the district court's grant of summary judgment in favor of defendants New England Telephone and Telegraph Co. and NYNEX Corp. We affirm the judgment of the district court for the reasons stated in the court's Memorandum and Decision. We add only the following comments: 1. It is plain that the district court liberally construed plaintiff's pleadings as required by cases such as Haines v. Kerner, 404 U.S. 519 (1972). Indeed, for purposes ______ ______ of its analysis on the merits, it gave plaintiff the benefit of the doubt and accepted as true his assertion that defendants owned the telephones in question. The court nonetheless determined that, aside from speculation and conjecture, plaintiff had provided no facts tending to show _____ that the telephones were defectively designed or that the sounds the telephones emitted caused his hearing loss. Despite his pro se status, plaintiff still was obligated to comply with what the substantive law required. See Eagle Eye ___ _________ Fishing Corp. v. United States Dep't of Commerce, 20 F.3d _____________ _________________________________ 503, 506 (1st Cir. 1994) ("[t]he Constitution does not require judges . . . to take up the slack when a party elects to represent himself"). 2. We also see nothing amiss with the process the district court employed in deciding defendants' motion for summary judgment. While the record must be construed in the -2- non-movant's favor, that party still must submit specific ________ facts sufficient to show a real dispute. Griggs-Ryan v. _____ ___________ Smith, 904 F.2d 112, 115 (1st Cir. 1990). "[C]onclusory _____ responses unsupported by evidence . . . will [not] serve to defeat a properly focused Rule 56 motion." Id. (citation ___ omitted) (non-movant may not simply rest upon his or her pleadings). As the district court found, plaintiff only offered his conclusions without specifying any corroborative facts. Based on this state of affairs, a hearing was not mandated. Cf. Posadas de Puerto Rico, Inc. v. Radin, 856 ___ _____________________________ _____ F.2d 399, 400-01 (1st Cir. 1988) (where the facts are undisputed, a hearing is not necessary). As for plaintiff's request for more time to substantiate his claims, he does not indicate exactly what facts additional discovery would reveal. Thus, the district court did not abuse its discretion when it implicitly denied this entreaty. See Bank ___ ____ One Texas, N.A. v. A. J. Warehouse, Inc., 968 F.2d 94, 100 _______________ ______________________ (1st Cir. 1992) (a district court may grant summary judgment despite an opposing party's assertion that discovery would lead to more facts where the opposing party does not specify the facts that discovery would reveal). 3. The district court refused to enter a default judgment against defendants or summarily deny their motion for summary judgment for failing to confer with plaintiff prior to filing their motion for summary judgment. See L.R., ___ -3- D.Mass. 7.1(A)(2). The parties had attended a non-productive settlement conference about a year and a half after plaintiff began the action. The defendants filed the motion for summary judgment just six weeks after the settlement conference. Because plaintiff was not likely to change a position he had held for over a year in the six-week period after the abortive conference, the district court did not abuse its discretion in not imposing such severe sanctions against defendants. See Gerakaris v. Champagne, 913 F. Supp. ___ _________ _________ 646, 651 (D. Mass. 1996) (neglecting to confer prior to filing a motion to dismiss, which was certain to be opposed, does not warrant the summary denial of the motion). Affirmed. ________ -4-